Columbia, April, 1807. All the judges present.
Wilds, J.,
delivered the resolution of the whole court, approving the determination of the District Court, and recognizing the same reasons and arguments used by the District Court, as above stated.
Motion discharged.
In trespass vi et armis against defendant, that he assaulted A. B., daughter and servant of the plaintiff, &c., whereby plaintiff lost the benefit of her service, &c. in giving damages, the jury are not to consider the injury done to_ A. B. as to promising her marriage. The daughter being called as a witness, swore that defendant promissed her marriage, and got her 'with child. That she lived with her father as a servant; and that she was thirty years of age. Plaintiff recovered. 3 VVils. 18. Tullidge v. Wade.
In an action by a father for deflowering his daughter, the daughter may be a witness. 2 Str. 1044. So in the case of any other servant, where trespass is brought for beating him per quod servitium amisit. 1 Str. 595. Sed vid. 1 Str. 414, contra. See 2 Str. 944. Apprentice a witness.
Trespass for breaking and entering plaintiff’s house, debauching his daughter and getting her with child per quod servitium amisit. It appeared the daughter was thirty years of age, and occasionally did acts of service. It was objected, that as no contract, for service was proved, the action could not be maintained, she being above the age ol twenty-one. But overruled; instances of actual service being proved; a servant de facto. Bennett v. AUcott, 2 D. and E. 166. Per Buller. An action merely for debauching a man’s daughter, by which he loses her service, is an action ott the case. But where the offence is accompanied with an illegal entry of the father’s house, he has his election to bring trespass for breaking and entering, and lay the debauching of the daughter and loss of her service as consequent-al; or he may bring the action on the case merely for debauching his daughter per quod servitium amisit. See 2 Ld. Raym. 1032.
In the case of Foster v. Scoffield, Johnson’s Rep. New-York, p. 297, which was an action for assaulting, beating, sedu'eing, debauching, and getting with child the plaintiff’s daughter, per quod servitium amisit; it was adjudged that the daughter could not be a witness to prove a previous promise of marriage in aggravation of damages, for she had her own right of action for the broach of promise. 3 Wils. 18.
In Bedford v. M’Kowl, 3 Esp Rep. 119, Lord Eldon said, “ In point of form it only purports to give a recompense for loss of service; but we cannot shut our eyes to the fact, that the action is by a parent for an injury to her child.”
See 5 Binney’s Reports 320, observations of Breckenridge, J., in Morgan v. Stall
fhe present Chief Justice of the King’s Bench in England, says that “when it is clear the action will not lie, the judges are in the habit of directing a non-suit. even although the objection appears on record, and might be taken advantage of on a motion in arrest of judgment.”